UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  Case No. 8:25-bk-00979-CPM
 Chapter 11

Blue Hart Investments, LLC,

      Debtor.
_____/

**UNITED STATES TRUSTEE MOTION TO DISMISS CHAPTER 11 CASE
OR, IN THE ALTERNATIVE, MOTION TO CONVERT CASE TO CHAPTER 7**

Mary Ida Townson, the United States Trustee for Region 21, through the undersigned counsel, moves this Court for relief under 11 U.S.C. § 1112(b)(1)-(4), whichever the Court finds is in the best interest of creditors and the estate. Relief under § 1112(b) is appropriate because the Debtor (1) failed to provide information requested by the United States Trustee at the Initial Debtor Interview ("IDI"); and (2) failed to provide proof of insurance. In support of this motion, the United States Trustee asserts as follows:

    1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference. Venue of this action in this district and division is proper pursuant to 28 U.S.C. §§ 1406, 1408, and 1409. This action constitutes a contested matter in accordance with 28 U.S.C. §§ 157(a)(2)(A and O) and Fed. R. Bankr. P. 1017(f)(1) and 9014. The statutory predicate for the relief sought is in accordance with 11 U.S.C. §§ 1112(b)(1-4). The United States Trustee has standing to appear and be heard in this action pursuant to 28 U.S.C. § 586 and 11 U.S.C. § 307.

    2.    On February 18, 2025, the Debtor filed its first petition under chapter 11 of the Bankruptcy Code. The Debtor operates a breakfast café under a franchisee license.

3. The Debtor's failure to maintain appropriate insurance poses a risk to the estate and to the public. Pursuant to her authority under 28 U.S.C. § 586(a), the United States Trustee requested that the Debtor furnish proof of insurance on the Debtor's business. Specifically, the Debtor failed to provide proof of property and liability insurance on the Debtor's premises at 9842-9848 Little Road, New Port, Richey, Florida, 34654 and worker's compensation liability. The Debtor's failure to maintain commercial property and liability insurance and worker's compensation coverage places the risk of loss on the bankruptcy estate if there is a fire, theft, or other casualty.[1]

4. The Debtor also failed to provide the following information reasonably requested by the United States Trustee in accordance with the Chapter 11 Guidelines and Reporting Requirements at the IDI:

    a. Proof of opening a Debtor-in-Possession account.
    b. Attachment C-Declaration of DIP Accounts.
    c. Bank Statement activity for February 1, 2025, through February 17, 2025.
    d. Check registers for 90 days prior to the date of filing.
    e. Federal Income Tax Returns for tax years 2023 and 2024 (or proof of extension).
    f. Inventory list.

5. Conversion or dismissal pursuant to 11 U.S.C. § 1112(b)(4) is currently mandatory on two of the specific grounds given as examples. In this case, the Debtor failed to: (1) timely provide proof of insurance coverage to protect the estate; and (2) to timely provide information reasonably requested by the United States Trustee.

6. The United States Trustee does not waive and preserves her right to raise any relevant issue or objection at a hearing on this contested matter.

---

[1] 11 U.S.C. § 1112(b)(4)(C) & (H); *See In re Costa Bonita Beach Resort, Inc.*, 513 B.R. 184, 198-99 (Bankr. D. P.R. 2014).

WHEREFORE, the United States Trustee respectfully prays that this Court enter an order (1) dismissing the case or, in the alternative, converting the case to chapter 7, whichever is in the best interest of creditors and the estate; and (2) granting other relief as this Court may deem appropriate.

Dated: May 28, 2025.

Respectfully submitted,

**MARY IDA TOWNSON**
**UNITED STATES TRUSTEE**
Region 21

By: /s/ Nicole Peair
Trial Attorney
Office of the United States Trustee
501 E. Polk Street, Suite 1200
Tampa, Florida 33602
(813) 228-2000/ fax: (813) 228-2303
nicole.w.peair@usdoj.gov
Louisiana Bar No. 33477

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss Case or Alternatively, Convert Case to Chapter 7 has been served electronically or via United States mail service, postage prepaid, on May 29, 2025, to the following:

Blue Hart Investments, LLC
15616 Cashmere Lane
Tampa, FL 33624

CM/ECF Service: Jeffrey C. Hakanson, Debtor's counsel at jeff@mcintyrefirm.com
Kathleen DiSanto, Subchapter V trustee

/s/ Nicole Peair
Trial Attorney